UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE

CRIMINAL NO.: 03-10373RWZ   2004 OCT 20 A 9 56

UNITED STATES OF AMERICA
v.
PAUL BRANSFIELD

U.S. DISTRICT COURT
DISTRICT OF MASS.

## SENTENCING MEMORANDUM

The defendant PAUL BRANSFIELD submits this memorandum in support of his sentencing recommendation of time served plus supervised release. Paul has been on pre-trial release since June 13, 2000. He was processed by the office of the United States Marshal so that he has one day credit. The Court has the authority to grant such a motion, based on his immediate and continued cooperation with the government, recognized by their motion pursuant to U.S.S.G. § 5K.(1). In addition, and independently, the Court retains its authority to "impose a sentence sufficient but not greater than necessary to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

Paul is thirty years old. He was twenty six years old when he agreed to permit his sister in law's boyfriend to store marijuana at his home for a limited period of time. At that time, he was recently unemployed and suffering from a back injury. After his arrest, he immediately cooperated with the government as did his sister in law and wife.

Paul has satisfied all conditions of pretrial release. He also really turned his life around, is an excellent husband and step-father. He has been involved in community activities such as boy scouts and youth sports. He has been employed as a janitor for the Cohasset Public Schools. Recently, he has registered for a GED program. The attached letters support this point.

Bransfield's criminal history points exaggerate his criminality. His last offense was in 1997 when he was driving with a suspended license and was in possession of some drugs. Bransfield

received two additional points for being under an imposed criminal sentence. But the state case was still open because Paul had not paid some monies. He did not violate any other conditions. It is this counsel's understanding that, had the fees bee paid, the probation would have terminated, and he would not have incurred the two points.

Paragraph 37 is a disposition for a domestic assault and battery. Pasquale Bransfield, his wife, indicates that she was at least as much at fault as he in their explosive arguments. The probation officer in the State Court also made similar comments. More importantly, Paul and his wife have worked on their relationship and no longer have these issues. The letter from Paul's mother-in-law attests to this growth, as do the wife's comments, contained in the presentence report.

After <u>Blakely v. Washington</u>, 124 S.Ct.2531 (June 24, 2004), the constitutionality of the guidelines is uncertain. In any event, a probationary sentence will satisfy the historic purposes of sentencing as described in 18 U.S.C. § 3553(a)(2). Paul Bransfield will be justly punished. He will respect the law and will be deterred from any future temptations. His four years on pretrial release demonstrate that there will be no future crimes.

For these reasons, Paul Bransfield asks that you give him a sentence of time served with probationary conditions.

Respectfully submitted,
Paul Bransfield
By his attorney

*/s/ Lenore Glaser*
Lenore Glaser, Esq.
25 Kingston Street, 6th Floor
Boston, MA 02114
(617) 753-9988
BBO #: 194220

Dated: <u>October 20, 2004</u>

**CERTIFICATE OF SERVICE**
I, Lenore Glaser, Esq. do certify that a true copy of this motion was served upon, Robert Peabody, AUSA at the U.S. District Court, 1 Courthouse Way, Boston, MA 02210 on October 20, 2004, by first class mail, postage prepaid.
*/s/ Lenore Glaser*
Lenore Glaser, Esq.